Bernald C. Porter, Esq. - AZ Bar No.: 001228
Porter Law Center Chartered
1480 E. Pecos Road, Bldg. 13, Unit 1081
Gilbert, Arizona 85295
Telephone (602) 370-7205
Email: bern@porterlawcenter.com

Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| SANAD ENTERPRISES, INC., dba COUNTRY STORE; MOHAMMAD WAJDI and GHADER S. AMEERAH, husband and wife,<br><br>           Plaintiffs,<br>    vs.<br><br>UNITED STATES OF AMERICA<br><br>           Defendant. | Case No.:<br><br>COMPLAINT FOR JUDICIAL REVIEW |

Plaintiffs allege:

1.      Individual Plaintiffs, Mohammad Wajdi and Ghader W. Ameerah, husband and wife, are residents of Maricopa County, Arizona and are the owners of the capital stock of SANAD ENTERPRISES, INC., dba COUNTRY STORE, 1501 W. Mountain View Road, Phoenix, AZ 85021, and have been aggrieved by the decision of the administrative review officer, Robert T. Deegan, rendered on November 6, 2018, sustaining the decision to impose a permanent disqualification against Country Store by the U. S. Department of Agriculture (USDA), Food and Nutrition Service (FNS), and the Retain Operations Division's determination that Country Store was not eligible for a

trafficking Civil Money Penalty (CMP) according to Section 278.6(i) of the SNAP regulations.

2.  Defendant United States of America is the party designated under §279.10 of the Food Stamps Act of 1977, as amended, against whom an action for Judicial Review must be sought within thirty (30) days from the date of delivery or service of the administrative review officer's determination.  Such period of time has not expired.

3.  This court has jurisdiction of this action pursuant to U.S.C. §2023(a) and §2023(13).  The U.S. District Court for the District of Arizona is the proper forum for this action because Plaintiffs are residents of the District and the place of Plaintiff's business is located within said district.

4.  The investigation conducted by representatives of the Department of Agriculture was seriously flawed and inaccurate in several respects, including but not limited to erroneous description of the acts and events described in the investigative report.  The alleged acts either did not occur or did not take place in the manner or to the extent reported, or such observed conduct was justified or excusable under the circumstances then and there existing and should not have been chargeable events that could or should have formed a basis for the action taken by the U.S. Department of Agriculture.

5.  Plaintiffs made a request for the opportunity to interview the investigators for the U.S. Department of Agriculture, but such request was wrongfully refused, leaving the Plaintiffs unable to prepare a defense to such charges or otherwise test their validity. The Department refused to identify its investigators or otherwise provide the Plaintiffs

with the information requested under the Freedom of Information Act. Such refusal constitutes an abuse and denial of due process.

6. After the charges were made and responses were given, the representative of the USDA advised the Plaintiffs that that Country Store would be permanently disqualified from the Food Stamp Program. Even though the Plaintiffs would have accepted a monetary penalty in lieu of disqualification, the USDA declined to offer such relief, citing reasons which were not valid or which should not have precluded the offer and acceptance of such a monetary penalty in lieu of disqualification.

7. The claimed violations, if committed at all, were *de minimis,* and errors were made in the calculation of the amounts and percentages reflected on the investigator's reports.

8. The imposition of a permanent disqualification constitutes an extreme hardship on the Food Stamp customers who live in close proximity to Country Store and who are long-time customers. Such action also constitutes an extreme hardship on the Plaintiffs since the disqualification under the Food Stamp program will be followed by immediate disqualification from the WIC program, which action will further exacerbate the damage to Plaintiffs and their customers.

9. Plaintiffs reputation in the Food Stamp and WIC program participation as vendors has been good, without any complaints of consequence, and deserves favorable consideration in these proceedings. Plaintiffs reputation with the customers of Country Store has been excellent. Permanent disqualification will result in extreme damage to the business of Plaintiffs and its customers, which cannot be repaired and for which there is

no plain, speedy or adequate remedy. Consequently, the actions taken by USDA were not warranted by the evidence and are not justified by the circumstances.

WHEREFORE, Plaintiffs request the following relief:

A. That the administrative action taken against the Plaintiffs by the USDA be reversed or otherwise amended to omit any reference to or imposition of any permanent disqualification of the Plaintiffs from participation in the Food Stamp Program.

B. Alternatively, for an order requiring the USDA to extend an offer for the imposition of a civil money penalty in lieu of permanent disqualification.

C. For such other, further or different relief as may be appropriate.

Dated this 5th day of December, 2018.

    /s/ *Bernald C. Porter*
Bernald C. Porter, SBN 001228
Attorney for Plaintiffs